UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-138 (JCH) |
| | : | |
| DENNIS SIMMS | : | NOVEMBER 20, 2008 |

**RULING**

On March 28, 2008, this court issued an Order to Show Cause why the defendant, Dennis Simms, should be given a reduced sentence pursuant to the newly retroactive change in the crack-cocaine guidelines. See Doc. No. 1957. The court noted that Simms had been found to be a career offender at sentencing, and that he therefore appeared ineligible to obtain a reduced sentence. Id. In response, Simms has argued that he is nonetheless eligible for a sentence reduction. See Doc. No. 2102.

At sentencing,[1] the court determined that Simms was a career offender. Tr. at 10. Without career offender status, the court noted that Simms's offense level would have been 29 (after accounting for acceptance of responsibility),[2] and his criminal history category would have been VI. Id. at 9-12. As such, Simms would have faced a

---

[1] The court has reviewed the PSR, and a transcript of the sentencing proceeding , in connection with the instant Ruling.

[2] According to the transcript, the court found that Simms's base offense level was 22 before career offender status, and acceptance of responsibility, were factored in. Tr. at 9. This is either an error in transcription, or a misstatement by the court, because the defendant's base offense level was plainly 32 before factoring in those additional adjustments. See U.S.S.G. § 2D1.1(c)(4) (2005) (providing the base offense level for trafficking in 50 to 150 grams of cocaine base); Tr. at 9, lines 9-10 (inquiring if there is any objection to the Guideline determination in the PSR and finding none); PSR at 9, ¶ 38.

1

guidelines range of 151-188 months imprisonment. Because Simms was a career offender, however, the sentencing guidelines increased his offense level to 34 (after accounting for acceptance of responsibility), with his criminal history category remaining at VI. Id. at 10-12. This meant that Simms faced a guidelines range of 262-327 months' imprisonment. Id.

Simms next requested a departure, under the authority of U.S.S.G. § 5K2.0, based on reasons unrelated to the quantity of cocaine attributable to him.[3] It is not clear from the sentencing transcript whether the court granted this request. However, in a post-Booker sentence, the court ultimately concluded that a sentence of 150 months' imprisonment was appropriate. The court reached this conclusion after weighing all of the factors in 18 U.S.C. § 3553(a).

Simms is only eligible for a reduction in his sentence if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In United States v. Menafee, No. 04-cr-138 (JCH), 2008 U.S. Dist. LEXIS 60765 (D. Conn. Aug. 5, 2008), this court held that the "applicable guideline range" is the guideline range calculated before accounting for any departures. Id. at *7-12. Because of Simms's career offender status, his pre-departure guidelines range is calculated as 262-327 months' imprisonment both before and after the recent amendment. Accordingly, his "applicable guideline range" has not been altered and he

---

[3] These reasons are set out in a sealed Motion he filed shortly before sentencing.

is ineligible for a reduction in his sentence.[4]  See also United States v. Ogman, 535 F.3d 108, 111 (2d Cir. 2008) (holding that where sentence is pursuant to Guideline range that results from status as a career offender, and without reliance upon the Guidelines' drug quantity table, remand to district court for resentencing is not appropriate).

Simms nonetheless suggests that, in light of the Supreme Court's opinions in Kimbrough v. United States, 128 S. Ct. 558 (2008), Gall v. United States, 128 S. Ct. 58 (2008), and United States v. Booker, 543 U.S. 220 (2005), this court somehow retains discretion to resentence him.

Simms is mistaken.  When a guideline change has been made retroactive, the court's sole authority to resentence a defendant arises under 18 U.S.C. § 3582(c).  That statute requires that any resentencing be "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  Here, the relevant policy statement only

---

[4] In his Response to the Show Cause Order, Simms makes a confused argument in which he suggests that his pre-departure guidelines calculation was somehow affected by the crack-cocaine amendments.  See Doc. No. 2103.

Simms is incorrect.  He correctly points out that the career offender guidelines increased his base offense level (before accounting for acceptance of responsibility) to 37, rather than to 32, because federal drug statutes treat crack crimes more harshly than they treat similar cocaine offenses.  Compare U.S.S.G. § 4B1.1(b)(A) (explaining that a career offender's base offense level will be 37 when the statute of conviction has a maximum sentence of life imprisonment) and 18 U.S.C. § 841(b)(1)(A)(iii) (setting a statutory maximum penalty of life imprisonment for drug trafficking offenses that involve 50 grams or more of crack), with U.S.S.G. § 4B1.1(b)(C) (explaining that a career offender's base offense level will be 32 when the statute of conviction has a maximum sentence of between 20 and 25 years' imprisonment) and 18 U.S.C. § 841(b)(1)(C) (setting a statutory maximum penalty of 20 years' imprisonment for drug trafficking offenses involving less than 500 grams of cocaine).  But because it is the statutory maximums that determine the career offender offense level assigned to Simms, and because those statutory maximums have not been altered by the retroactive changes to the sentencing guidelines, Simms's pre-departure guidelines range has remained unaltered.

3

permits a sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of U.S.S.G. § 1B1.10(a)(2)(B). And because the crack-cocaine amendments did nothing to alter the applicable guideline range for Simms, this court is statutorily barred from resentencing him.

Nothing in Booker and its progeny is to the contrary. Booker simply held that 18 U.S.C. § 3553(b) was unconstitutional because it required judges to sentence defendants in accordance with the sentencing guidelines at their initial sentence. See Booker, 543 U.S. at 232-33. Here, the court is not applying Section 3553(b). Instead, it is applying Section 3582(c), coupled with the relevant policy statements of the Sentencing Commission.

Nor can it be said that Section 3582(c) violates Simms's Sixth Amendment rights. In finding a constitutional violation in Booker, the court was simply enforcing the Sixth Amendment's promise that the government will not be able to bypass a jury in order to increase a defendant's sentence. Id. at 230-237. Here, there is no dispute that before the Sentencing Commission made its retroactive change, Simms's sentence was fully authorized by the jury verdict (or, in this case, his guilty plea). After that constitutionally valid sentence became final, the Sentencing Commission exercised its legislatively delegated power to give a benefit to a class of individuals that does not include Simms. Importantly, Simms's sentence is still no higher than it was the day his sentence became final. Accordingly, the government has not increased Simms's sentence above

4

what was authorized by his guilty plea.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 20th day of November, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge